**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANGEL ALVAREZ, ALEXANDROS )
GIAVRIDIS, THEMISTOKLIS MARMARAS, )
JOSE L. ROLDAN, THEOHARIS )
SPARTIATIS, GEORGE P. THEOHARIS and )
IOANNIS PETROU, )
                       )
               Plaintiffs, )
                       ) Case No.  08 CV 3237
          v. ) Judge Gottschall
                       ) Magistrate Judge Denlow
CHRIST DEMOS and D&G DOWNTOWN, )
INC., )
                       )
             Defendants. )

**DEFENDANTS' ANSWER TO**
**PLAINTIFFS' COMPLAINT**

NOW COME Defendants, Christ Demos ("Demos") and D&G Downtown, Inc. ("Costa's") (collectively the "Defendants"), by and through their attorneys, and for their Answers to Plaintiffs' Complaint, states as follows:

**INTRODUCTION**

**PARAGRAPH 1:**

Defendant D&G Downtown, Inc. ("D&G") owns and operates a restaurant located on Halsted Street in Chicago, Illinois know as "Costa's."  Upon information and belief, Defendant Christ Demos ("Demos") is a major shareholder of D&G.  Demos authorized and enforced the improper wage practices about which Plaintiffs complain.

**ANSWER:**

Defendants deny that Demos authorized any improper wage practices or that any were committed.  Defendants admit the remaining allegations of Paragraph 1.

**PARAGRAPH 2:**

Plaintiffs are current or former employees and waiters at Costa's, and bring this action to recover from Defendants their unpaid regular time compensation, overtime compensation, tips

which Defendants wrongfully confiscated from them, liquidated damages, and attorney's fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b), (the "Act" or "the FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* (the "IMWL") and the Illinois Wage Payment Collection Act, 820 ILCS 105/1 *et seq.* (the "IWPCA").

**ANSWER:**

Defendants deny that they engaged in any improper pay practices as alleged in Paragraph

2.  Defendants admit the remaining allegations of Paragraph 2.

**PARAGRAPH 3:**

For many years, Defendants have not paid Plaintiffs for all hours worked, including time and a half for hours worked in excess of 40 hours in individual work weeks.  Furthermore, Defendants have not complied with the tip credit provision of the FLSA or the IMWL because, among other reasons, Defendants have required Plaintiffs to share a portion of their tips with Defendants.

**ANSWER:**

Defendants deny the allegations of Paragraph 3.

**PARAGRAPH 4:**

The amount of wages, both regular time and overtime hours, which Defendants failed to pay Plaintiffs is substantial.  Costa's is open from 11:00 a.m. to 11:00 p.m. Sunday through Thursday and from 11:00 a.m. to midnight on Friday and Saturday.  Costa's has customarily employed approximately 10 waiters.  Plaintiffs' pay stubs often reflect they worked about 20 hours per week when they in fact typically worked in excess of twice that amount.

**ANSWER:**

Costa's admits that Plaintiffs' pay stubs sometimes reflected they worked about 20

per week.  Costa's admits further that it is open from 11:00 a.m. to midnight on Friday and

Saturday, unless the lack of customers enables it to close earlier.  Costa's denies the remaining

allegations of Paragraph 4.

## THE PARTIES AND JURISDICTION

**PARAGRAPH 5:**

Jurisdiction over this action is conferred on this Court by Section 16(b) of the Act, 29 U.S.C. §216(b), and by the provisions of 28 U.S.C. §1331.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:**

Admitted.

**PARAGRAPH 6:**

Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. §1391, as Defendants have their principal office, and Plaintiffs' claims arose, within the geographic jurisdiction of this Court.

**ANSWER:**

Admitted.

**PARAGRAPH 7:**

Plaintiff Angel Alvarez ("Alvarez") is a resident and citizen of Chicago, Illinois and is a former employee of D&G.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to the truth of

Alvarez' residence.  Costa's admits Alvarez is its former employee.

**PARAGRAPH 8:**

Plaintiff Alexandros Giavridis ("Giavridis") is a resident and citizen of Chicago, Illinois and is a former employee of D&G.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to the truth of

Giavridis' residence.  Costa's admits Giavridis is its former employee.

**PARAGRAPH 9:**

Plaintiff Themistoklis Marmaras ("Marmaras") is a resident and citizen of Chicago, Illinois and is a former employee of D&G, having been fired in late May 2008.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to the truth of Marmaras' residence. Costa's admits Marmaras is its former employee, but denies that he was fired in late May 2008. Costa's admits that Marmaras quit on approximately May 30, 2008.

**PARAGRAPH 10:**

Plaintiff Jose L. Roldan ("Roldan") is a resident and citizen of Cicero, Illinois and is a former employee of D&G.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to the truth of Roldan's residence. Costa's admits Roldan is its former employee, but denies that he presently is.

**PARAGRAPH 11:**

Plaintiff Theoharis Spartiatis ("Spartiatis") is a resident and citizen of Chicago, Illinois and is a former employee of D&G, having quit on May 30, 2008.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to Spartiatis' residence. Costa's admits that he is a former employee who quit on approximately May 30, 2008.

**PARAGRAPH 12:**

Plaintiff George P. Theoharis ("Theoharis") is a resident and citizen of Chicago, Illinois and is a former employee of D&G, having been fired on May 23, 2008.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to Theoharis' residence. Costa's admits he is a former employee who was fired on approximately May 23, 2008.

4

**PARAGRAPH 13:**

Plaintiff Ioannis Petrou ("Petrou") is a resident and citizen of Chicago, Illinois and is a former employee of D&G, having quit on May 30, 2008.

**ANSWER:**

Costa's is without knowledge or information sufficient to form a belief as to Petrou's residence. Costa's admits that he is a former employee who quit on approximately May 30, 2008.

**PARAGRAPH 14:**

Defendant D&G is an Illinois corporation which owns and operates Costa's restaurant in Chicago, Illinois.

**ANSWER:**

Admitted.

**PARAGRAPH 15:**

Defendant Demos is, upon information and belief, a major shareholder of D&G.

**ANSWER:**

Admitted.

**DEFENDANTS' IMPROPER WAGE PAYMENT PRACTICES**

**PARAGRAPH 16:**

At all times hereinafter mentioned, D&G has been and is an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the Act, 29 U.S.C. §203(r) and (s).

**ANSWER:**

Admitted.

**PARAGRAPH 17:**

At all times relevant hereto, D&G employed Plaintiffs to work.

**ANSWER:**

Admitted.

**PARAGRAPH 18:**

D&G is an "employer" as that term is defined by Section 3(d) of the Act, 29 U.S.C. §203(d), Section 3(c) of the IMWL, 820 ILCS §105/3(c), and Section 2 of the IWPCA, 820 ILCS 115/2.

**ANSWER:**

Admitted.

**PARAGRAPH 19:**

Demos is an "employer" as that term is defined by Section 3(d) of the Act, 29 U.S.C. §203(d), Section 3(c) of the IMWL, 820 ILCS §105/3(c), and Section 2 of the IWPCA, 820 ILCS 115/2.

**ANSWER:**

Denied.

**PARAGRAPH 20:**

Plaintiffs worked for Defendants as waiters and were paid on an hourly basis at all times relevant hereto. Plaintiffs earned most of their income through tips.

**ANSWER:**

Denied as to Demos. Costa's denies that all labor by Plaintiffs was paid on an hourly basis. Costa's affirmatively states that if Plaintiffs served parties, they were paid on a per party basis. Costa's admits the remaining allegations of Paragraph 20 to the extent consistent with the foregoing representations.

**PARAGRAPH 21:**

At all relevant times, Plaintiffs have been "employees" of Defendants as defined by Section 3(e) of the Act, 29 U.S.C. §203(e), Section 3(d) of the IMWL, 820 ILCS 105/3(d), and Section 2 of the IWPCA, 820 ILCS 115/2.

**ANSWER:**

Admitted as to Costa's; denied as to Demos.

**PARAGRAPH 22:**

Defendants had a policy and practice of not paying for all hours worked, including time and a half for hours in excess of 40 hours worked in individual work weeks.

**ANSWER:**

Denied.

**PARAGRAPH 23:**

Section 203(m) of the FLSA, 29 U.S.C. §203(m), and §105(4) of the IMWL provide that, in computing the minimum wage Defendants owe Plaintiff, Defendants are allowed to treat as wages paid by Defendants tips received by Plaintiffs up to a certain amount (the "Tip Credit").

**ANSWER:**

Admitted.

**PARAGRAPH 24:**

Section 203(m) of the FLSA, 29 U.S.C. §203(m), further provides that Defendants are prohibited from taking the Tip Credit unless:

> [S]uch employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except this subsection shall not construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

**ANSWER:**

Admitted.

**PARAGRAPH 25:**

Similarly, Section 105(4) of the IMWL provides:

> Every employer of an employee engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration for hire purposes is entitled to an allowance for gratuities as part of the hourly wage rate provided in Section 4, subsection (a) in an amount not to exceed 40% of the applicable minimum wage rate. **The Director shall require each employer desiring an allowance for gratuities to provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for**

**which the claim of exemption is made, and no part thereof was returned to the employer.**

**ANSWER:**

Admitted.

**PARAGRAPH 26:**

Beginning on January 1, 2005 and continuing to June 30, 2007, the minimum wage in Illinois was $6.50 per regular hour and, after taking the maximum Tip Credit allowed, Defendants were allowed to pay their Tipped Employees no less than $3.90 per regular hour. Beginning on July 1, 2007, the minimum wage in Illinois became $7.50 per regular hour and, after taking the maximum tip credit allowed, Defendants were allowed to pay their Tipped Employees no less than $4.50 per regular hour.

**ANSWER:**

Admitted that on a workweek basis tipped employees must receive at least the amounts above on the aggregate. Defendants deny the allegations of Paragraph 26 in all other respects.

**PARAGRAPH 27:**

Defendants are not allowed to take the Tip Credit because they have not allowed Plaintiffs to retain all tips customers paid to them, and because Defendants failed to pay Plaintiffs the correct amount per hour as required by the FLSA and the IMWL.

**ANSWER:**

Denied.

**PARAGRAPH 28:**

Defendants' failure to pay Plaintiffs for all hours worked, including overtime hours, as well as Defendants' failure to comply with the tip credit provisions of the FLSA constitute willful violations.

**ANSWER:**

Denied.

### COUNT I – FLSA – ANGEL ALVAREZ
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 29:**

Plaintiff Angel Alvarez realleges paragraphs 1 through 28 as Paragraph 29 of Count I.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 30:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff Angel Alvarez to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT II – FLSA – ALEXANDROS GIAVRIDIS**
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 31:**

Plaintiff Alexandros Giavridis realleges paragraphs 1 through 28 as Paragraph 31 of Count II.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 32:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff Alexandros Giavridis to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT III – FLSA – THEMISTOKLIS MARMARAS**
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 33:**

Plaintiff Themistoklis Marmaras realleges paragraphs 1 through 28 as Paragraph 33 of Count III.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 34:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff Themistoklis Marmaras to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT IV – FLSA – JOSE L. ROLDAN**
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 35:**

Plaintiff Jose L. Roldan realleges paragraphs 1 through 28 as Paragraph 35 of Count IV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 36:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff Jose L. Roldan to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT V – FLSA – THEOHARIS SPARTIATIS**
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 37:**

Plaintiff Theoharis Spartiatis realleges paragraphs 1 through 28 as Paragraph 37 of Count V.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 38:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff Theoharis Spartiatis to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT VI – FLSA – GEORGE P. THEOHARIS**
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 39:**

Plaintiff George P. Theoharis realleges paragraphs 1 through 28 as Paragraph 39 of Count VI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 40:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff George P. Theoharis to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT VII – FLSA – IOANNIS PETROU**
**(Defendants' Failure to Pay for All Hours Worked, Including Overtime)**

**PARAGRAPH 41:**

Plaintiff Ioannis Petrou realleges paragraphs 1 through 28 as Paragraph 41 of Count VII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 42:**

Defendants' policy and practice of not paying for all hours worked, including time and a half for all hours worked in excess of 40 in individual work weeks has caused Plaintiff Ioannis Petrou to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

<b>COUNT VIII – FLSA – ANGEL ALVAREZ</b><br>
<b>(Defendants' Improper Taking of Minimum Wage Tip Credit)</b>

**PARAGRAPH 43:**

Plaintiff Angel Alvarez realleges Paragraphs 1 through 28 as Paragraph 43 of Count VIII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 44:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff Angel Alvarez to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

<b>COUNT IX – FLSA – ALEXANDROS GIAVRIDIS</b><br>
<b>(Defendants' Improper Taking of Minimum Wage Tip Credit)</b>

**PARAGRAPH 45:**

Plaintiff Alexandros Giavridis realleges Paragraphs 1 through 28 as Paragraph 45 of Count IX.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 46:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff Alexandros Giavridis to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

**COUNT X – FLSA – THEMISTOKLIS MARMARAS**
**(Defendants' Improper Taking of Minimum Wage Tip Credit)**

**PARAGRAPH 47:**

Plaintiff Themistoklis Marmaras realleges Paragraphs 1 through 28 as Paragraph 47 of Count X.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 48:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff Themistoklis Marmaras to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

**COUNT XI – FLSA – JOSE L. ROLDAN**
**(Defendants' Improper Taking of Minimum Wage Tip Credit)**

**PARAGRAPH 49:**

Plaintiff Jose L. Roldan realleges Paragraphs 1 through 28 as Paragraph 49 of Count XI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 50:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff Jose L. Roldan to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

## COUNT XII – FLSA – THEOHARIS SPARTIATIS
### (Defendants' Improper Taking of Minimum Wage Tip Credit)

**PARAGRAPH 51:**

Plaintiff Theoharis Spartiatis realleges Paragraphs 1 through 28 as Paragraph 51 of Count XII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 52:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff Theoharis Spartiatis to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

## COUNT XIII – FLSA – GEORGE P. THEOHARIS
### (Defendants' Improper Taking of Minimum Wage Tip Credit)

**PARAGRAPH 53:**

Plaintiff George P. Theoharis realleges Paragraphs 1 through 28 as Paragraph 53 of Count XIII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 54:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff George P. Theoharis to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

<strong>COUNT XIV – FLSA – IOANNIS PETROU</strong><br><strong>(Defendants' Improper Taking of Minimum Wage Tip Credit)</strong>

**PARAGRAPH 55:**

27.    Plaintiff Ioanis Petrou realleges Paragraphs 1 through 28 as Paragraph 55 of Count XIV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 56:**

Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiff Ioanis Petrou to be deprived of wages due him in an amount not presently ascertainable.

**ANSWER:**

Denied.

<strong>COUNT XV – FLSA – ANGEL ALVAREZ</strong><br><strong>(Defendants' Improper Retention of Plaintiffs' Tips)</strong>

**PARAGRAPH 57:**

Plaintiff Angel Alvarez realleges Paragraphs 1 through 28 as Paragraph 57 of Count XV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 58:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff Angel Alvarez by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 59:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff Angel Alvarez has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT XVI – FLSA – ALEXANDROS GIAVRIDIS**
**(Defendants' Improper Retention of Plaintiffs' Tips)**

**PARAGRAPH 60:**

Plaintiff Alexandros Giavridis realleges Paragraphs 1 through 28 as Paragraph 60 of Count XVI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 61:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff Alexandros Giavridis by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 62:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff Alexandros Giavridis has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

**ANSWER:**

Denied.

### COUNT XVII – FLSA – THEMISTOKLIS MARMARAS
### (Defendants' Improper Retention of Plaintiffs' Tips)

**PARAGRAPH 63:**

Plaintiff Themistoklis Marmaras realleges Paragraphs 1 through 28 as Paragraph 63 of Count XVII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 64:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff Themistoklis Marmaras by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 65:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff Themistoklis Marmaras has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XVIII – FLSA – JOSE L. ROLDAN
### (Defendants' Improper Retention of Plaintiffs' Tips)

**PARAGRAPH 66:**

Plaintiff Jose L. Roldan realleges Paragraphs 1 through 28 as Paragraph 66 of Count XVIII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 67:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff Jose L. Roldan by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 68:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff Jose L. Roldan has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XIX – FLSA – THEOHARIS SPARTIATIS
### (Defendants' Improper Retention of Plaintiffs' Tips)

**PARAGRAPH 69:**

Plaintiff Theoharis Spartiatis realleges Paragraphs 1 through 28 as Paragraph 69 of Count XIX.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 70:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff Theoharis Spartiatis by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 71:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff Theoharis Spartiatis has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XX – FLSA – GEORGE P. THEOHARIS
### (Defendants' Improper Retention of Plaintiffs' Tips)

**PARAGRAPH 72:**

Plaintiff George P. Theoharis realleges Paragraphs 1 through 28 as Paragraph 72 of Count XX.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 73:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff George P. Theoharis by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 74:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff George P. Theoharis has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

Denied.

## COUNT XXI – FLSA – IOANNIS PETROU
### (Defendants' Improper Retention of Plaintiffs' Tips)

**PARAGRAPH 75:**

Plaintiff Ioannis Petrou realleges Paragraphs 1 through 28 as Paragraph 75 of Count XXI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 76:**

Defendants have a policy and practice of retaining a portion of the tips received and earned by Plaintiff Ioannis Petrou by requiring Plaintiff to tender some of his tips to Defendants.

**ANSWER:**

Denied.

**PARAGRAPH 77:**

Defendants' policy and practice of retaining a portion of the tips received and earned by Plaintiff Ioannis Petrou has caused Plaintiff to be deprived of an amount of wages earned by him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XXII – FLSA – THEMISTOKLIS MARMARAS
### (Retaliatory Discharge)

**PARAGRAPH 78:**

Plaintiff Themistoklis Marmaras realleges Paragraphs 1 through 28 as Paragraph 78 of Count XXII.

**ANSWER:**

Defendants reallege by reference herein their responses to Paragraphs 1 through 28 of the

Complaint.

**PARAGRAPH 79:**

Defendants interfered with Plaintiff Marmaras' federally protected rights, by retaliating against him, including terminating his employment, in violation of 29 U.S.C. § 215(a)(3).

**ANSWER:**

Denied.

### COUNT XXIII – IMWL – ANGEL ALVAREZ
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 80:**

Plaintiff Angel Alvarez realleges Paragraphs 1 through 28 as Paragraph 80 of Count XXIII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 81:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 82:**

Defendants' failure to pay Plaintiff Angel Alvarez the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Alvarez to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XXIV – IMWL – ALEXANDROS GIAVRIDIS
### (Defendants' Failure to Pay Full Minimum Wage and Overtime)

**PARAGRAPH 83:**

Plaintiff Alexandros Giavridis realleges Paragraphs 1 through 28 as Paragraph 83 of Count XXIV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 84:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 85:**

Defendants' failure to pay Plaintiff Alexandros Giavridis the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Giavridis to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XXV – IMWL – THEMISTOKLIS MARMARAS
### (Defendants' Failure to Pay Full Minimum Wage and Overtime)

**PARAGRAPH 86:**

Plaintiff Themistoklis Marmaras realleges Paragraphs 1 through 28 as Paragraph 86 of Count XXV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 87:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 88:**

Defendants' failure to pay Plaintiff Themistoklis Marmaras the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Marmaras to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

### COUNT XXVI – IMWL – JOSE L. ROLDAN
### (Defendants' Failure to Pay Full Minimum Wage and Overtime)

**PARAGRAPH 89:**

Plaintiff Jose L. Roldan realleges Paragraphs 1 through 28 as Paragraph 89 of Count XXVI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 90:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 91:**

Defendants' failure to pay Plaintiff Jose L. Roldan the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Roldan to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT XXVII – IMWL – THEOHARIS SPARTIATIS**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 92:**

Plaintiff Theoharis Spartiatis realleges Paragraphs 1 through 28 as Paragraph 92 of Count XXVII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 93:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 94:**

Defendants' failure to pay Plaintiff Theoharis Spartiatis the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Spartiatis to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT XXVIII – IMWL – GEORGE P. THEOHARIS**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 95:**

Plaintiff George P. Theoharis realleges Paragraphs 1 through 28 as Paragraph 95 of Count XXVIII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 96:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 97:**

Defendants' failure to pay Plaintiff George P. Theoharis the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Theoharis to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

**COUNT XXIX – IMWL – IOANNIS PETROU**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 98:**

Plaintiff Ioannis Petrou realleges Paragraphs 1 through 28 as Paragraph 98 of Count XXIX.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 99:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 100:**

Defendants' failure to pay Plaintiff Ioannis Petrou the full amount of the minimum wage or time and a half for hours he worked in excess of 40 hours in individual work weeks has caused Plaintiff Petrou to be deprived of an amount due him presently not ascertainable.

**ANSWER:**

Denied.

## COUNT XXX – IWPCA – ANGEL ALVAREZ
### (Defendants' Failure to Pay Full Minimum Wage and Overtime)

**PARAGRAPH 101:**

Plaintiff Angel Alvarez realleges Paragraphs 1 through 28 as Paragraph 101 of Count XXX.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 102:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 103:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff Angel Alvarez for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 104:**

Defendants did not compensate Plaintiff Angel Alvarez for all hours worked.

**ANSWER:**

Denied.

26

**PARAGRAPH 105:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 106:**

Defendants' failure to compensate Plaintiff Angel Alvarez for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

### COUNT XXXI – IWPCA – ALEXANDROS GIAVRIDIS
### (Defendants' Failure to Pay Full Minimum Wage and Overtime)

**PARAGRAPH 107:**

Plaintiff Alexandros Giavridis realleges Paragraphs 1 through 28 as Paragraph 107 of Count XXXI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 108:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 109:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff Alexandros Giavridis for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 110:**

Defendants did not compensate Plaintiff Alexandros Giavridis for all hours worked.

**ANSWER:**

Denied.

**PARAGRAPH 111:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 112:**

Defendants' failure to compensate Plaintiff Alexandros Giavridis for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

**COUNT XXXII – IWPCA – THEMISTOKLIS MARMARAS**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 113:**

Plaintiff Themistoklis Marmaras realleges Paragraphs 1 through 28 as Paragraph 113 of Count XXXII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 114:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 115:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff Themistoklis Marmaras for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 116:**

Defendants did not compensate Plaintiff Themistoklis Marmaras for all hours worked.

**ANSWER:**

Denied.

**PARAGRAPH 117:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 118:**

Defendants' failure to compensate Plaintiff Themistoklis Marmaras for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

**COUNT XXXIII – IWPCA – JOSE L. ROLDAN**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 119:**

Plaintiff Jose L. Roldan realleges Paragraphs 1 through 28 as Paragraph 119 of Count XXXIII.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 120:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 121:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff Jose L. Roldan for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 122:**

Defendants did not compensate Plaintiff Jose L. Roldan for all hours worked.

**ANSWER:**

Denied.

**PARAGRAPH 123:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 124:**

Defendants' failure to compensate Plaintiff Jose L. Roldan for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

**COUNT XXXIV – IWPCA – THEOHARIS SPARTIATIS**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 125:**

Plaintiff Theoharis Spartiatis realleges Paragraphs 1 through 28 as Paragraph 125 of Count XXXIV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1 through 28 of the Complaint.

**PARAGRAPH 126:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 127:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff Theoharis Spartiatis for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 128:**

Defendants did not compensate Plaintiff Theoharis Spartiatis for all hours worked.

**ANSWER:**

Denied.

**PARAGRAPH 129:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 130:**

Defendant's failure to compensate Plaintiff Theoharis Spartiatis for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

**COUNT XXXV – IWPCA – GEORGE P. THEOHARIS**
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 131:**

103.    Plaintiff George P. Theoharis realleges Paragraphs 1 through 28 as Paragraph 131 of Count XXXV.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 132:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 133:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff George P. Theoharis for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 134:**

Defendants did not compensate Plaintiff George P. Theoharis for all hours worked.

**ANSWER:**

Denied.

**PARAGRAPH 135:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 136:**

Defendants' failure to compensate Plaintiff George P. Theoharis for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

### COUNT XXXVI – IWPCA – IOANNIS PETROU
**(Defendants' Failure to Pay Full Minimum Wage and Overtime)**

**PARAGRAPH 137:**

Plaintiff Ioannis Petrou realleges Paragraphs 1 through 28 as Paragraph 137 of Count XXXVI.

**ANSWER:**

Defendants reallege and incorporate by reference herein, their responses to Paragraphs 1

through 28 of the Complaint.

**PARAGRAPH 138:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to the 28 USC § 1367.

**ANSWER:**

Admitted.

**PARAGRAPH 139:**

This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff Ioannis Petrou for all time worked at the rate agreed to by the parties.

**ANSWER:**

Denied.

**PARAGRAPH 140:**

Defendants did not compensate Plaintiff Ioannis Petrou for all hours worked.

**ANSWER:**

Denied.

**PARAGRAPH 141:**

Plaintiff was entitled to be compensated at the rate agreed to by the parties.

**ANSWER:**

Admitted.

**PARAGRAPH 142:**

Defendants' failure to compensate Plaintiff Ioannis Petrou for all time worked at the rate agreed upon by the parties violated the IWPCA.

**ANSWER:**

Denied.

By way of further answer to the Complaint, Defendants deny any allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1.    To the extent that Defendants violated any of the referenced statutes, which they specifically and strongly deny, the violations were in good faith.

2.    Count XXII fails to state a claim upon which relief may be granted in that it fails to allege any facts tending to show any element of a retaliatory termination claim.

3.    To the extent Marmaras did not obtain comparable employment after his resignation from Costa's, he failed to mitigate his damages.

4.    Counts XXX through XXXVI fail to state a claim upon which relief may be granted in that they fail to state the "rate agreed to by the parties," which is the basis of Plaintiffs' claims.

5.    To the extent Plaintiffs seek back pay under the FLSA for periods earlier than June 4, 2006, they are barred by the applicable statute of limitations.

6.    To the extent Plaintiffs seek back pay under any other statutes referenced for the period prior to June 4, 2005, they are barred by the applicable statute of limitations.

7.    Plaintiffs fail to state a claim against Christ Demos in that they fail to allege facts which would tend to establish that he was their "employer" under any of the applicable statutes.

8.    Plaintiffs' claims are barred in whole or in part by waiver, estoppel or the doctrine of unclean hands in that, if they worked for more hours than they were scheduled by Costa's (which it strongly denies), such work was contrary to their instructions and not authorized by Costa's.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, and they be awarded their costs, attorneys' fees and other relief the Court deems fit.

Dated:  July 31, 2008                              CHRIST DEMOS and D&G
                                                   DOWNTOWN, INC., Defendants.


                                        By:      /s/ Robert H. Brown
                                                Robert H. Brown


Robert H. Brown (00319120)
rbrown@lanermuchin.com
Lindsy A. Wilkerson (06281337)
lwilkerson@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

## <u>CERTIFICATE OF SERVICE</u>

Robert H. Brown, an attorney, hereby certifies that he caused the Defendants' Answer to Plaintiffs' Complaint in the above-captioned matter to be served on the parties of record listed below, via Electronic Filing to James X. Bormes and Jeffrey Grant Brown, through the U.S. District Court, Northern District of Illinois on this 31st day of July 2008, addressed to:

James X. Bormes
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603

Jeffrey Grant Brown
Converse & Brown, LLC
105 West Adams Street
Suite 3000
Chicago, IL 60603


/s/ Robert H. Brown
Robert H. Brown